## City National Bank of Paducah v. McCandless, et al.

## Farmers' Bank of Birdsville v. McCandless, et al.

(Decided January 30, 1925.)

### Appeals from McCracken Circuit Court.

1.  Banks and Banking—Bank Held Not Entitled to Set Off Claims Against Individual Partners Against their Shares of Special Deposit in its Hands.—Where proceeds of insurance policy covering vessel, constituting entire assets of partnership, were deposited in bank under agreement for division among partners after determination and payment and payment of partnership debts, bank was not entitled to set off against amounts distributable claims against individual partners, and was properly ordered to pay fund into court in suit for settlement.

2.  Partnership—Partners Occasioning Loss by Failure to Notify Insurer of Transfer and Mortgage of Their Interests Chargeable

Therewith.—Where refusal of company insuring vessel to pay face of policy on its destruction by fire was due solely to wrongful failure of part owners to give notice of transfers and mortgages on their interests, court properly charged interest of such partners with losses so occasioned.

3. Partnership—Widow Succeeding to Husband's Interest as Part Owner of Vessel Held Liable for Proportionate Share of Debts Contracted After Husband's Death.—Though death of partner dissolves partnership, surviving partners have right, and it is their duty, to wind up partnership affairs, and widow succeeding to interest of her husband as part owner of vessel was liable for her proportionate share of debts contracted in operating boat after death of her husband, without objection by her.

WHEELER & HUGHES for appellant City National Bank.

CHARLES FERGUSON for appellant Farmers' Bank.

CHARLES FERGUSON, C. C. GRASSHAM, L. B. ALEXANDER, A. Y. MARTIN and J. R. WELLS for appellees McCandless and others.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming as to City National Bank of Paducah, and affirming in part and reversing in part as to the Farmers' Bank of Birdsville.

The steamer Dorothy, after having been operated for several years in the Ohio and Tennessee rivers, with Paducah, Ky., as its home port, was burned on December 1st, 1921. She was insured for $20,000.00, and the loss was settled for $16,000.00. The check for this amount from the insurance company was deposited in the City National Bank of Paducah by the owners of the boat to their joint credit, under written agreement whereby the boat's indebtedness was to be ascertained and settled, "and any surplus distributed according to the rights and interests of the parties interested." Pursuant to this agreement, claims were advertised for and presented to the bank amounting to about $9,000.00. A part of these claims, aggregating $2,963.17, were paid by agreement of the parties, which left in the bank a balance of $13,036.83. Being unable to agree as to the validity of the other claims presented, or as to the distribution of the remainder of the fund, this action was instituted by some of the partners against the others and the bank for a settlement of the partnership under which the boat had been owned and operated.

None of the members of that partnership nor any creditor thereof is complaining of the chancellor's judgment rendered upon a trial of exceptions to the master's report, but the City National Bank and the Farmers' Bank, creditors of some of the members of the partnership, have prosecuted these separate appeals therefrom.

The City National Bank is complaining of the order of the court requiring it to pay into court the $13,036.83 above referred to, and in denying its claimed right to apportion same among the original members of the partnership, and set-off its claims against the individual members of the partnership against the amounts so apportioned to them. The Farmers' Bank, a lien creditor of C. M. Nelson, who was one of the partners, is complaining of the amount adjudged to be due Nelson and subject to its mortgage on his interest in the boat.

As the proceeds of the insurance policy constituted the entire assets of the partnership and were deposited with the City National Bank under a written agreement that the partnership debts should first be paid therefrom and the surplus, if any, should be distributed according to the rights and interests of the parties interested, as in law it must have been, it is clear that the bank had neither the right to decide how this special deposit should be distributed among the interested parties, nor to off-set against same its claims against individual members of the partnership, and that the chancellor did not err in directing it to pay this fund into court. This seems too clear to us for argument, yet counsel for the bank are complaining only of such action by the court.

In support of this position, we are referred to numerous cases which recognize the right of a bank to charge against a deposit any obligation of the depositor due it, but these cases are clearly inapplicable here, since the amount due any member of this firm from the proceeds of the insurance policy on the partnership property could not be ascertained by the bank, nor otherwise than in this action, after it had been filed for the settlement of the partnership affairs.

It is therefore clear that the deposit of this fund with the bank, not as an ordinary deposit, but as a trust fund for the benefit of those finally determined to be entitled thereto, gave it no lien upon any part of it for any indebtedness it had against any of the individual members of the firm, and its contrary contention is clearly

without merit. As this is the only basis for its appeal from the judgment herein, the judgment, in so far as it is concerned, is affirmed.

It is also clear that the claim of the Farmers' Bank against Nelson, although secured by a mortgage on his undivided one-fourth interest in the boat, is inferior to partnership debts, and is effective only against the amount finally ascertained to be due him from the partnership assets.

In order, therefore, to determine what, if anything, was due the Farmers' Bank upon its claim and mortgage against Nelson's interest in the partnership assets, it is necessary first to adjust the rights of the firm's creditors and then the rights of the members of the firm between themselves by a settlement of the partnership business.

Prior to January 1st, 1921, the firm owning and operating the boat consisted of Fred McCandless, L. C. Hibbs, and C. M. Nelson, each owning an undivided one-fourth interest therein, and Carl and L. W. McCandless, each of whom owned an undivided one-eighth. On January 14th, 1921, Fred McCandless transferred his one-fourth interest to his wife, Mary Lou McCandless. On April 21st, 1921, Hibbs died, and his wife, Mrs. Lula Hibbs, became the executrix and sole beneficiary of his will. On November 2nd, 1921, Nelson mortgaged his one-fourth interest in the boat to the Farmers' Bank, and it is stipulated that neither the insurance company nor the other members of the partnership were notified of the transfer by Fred McCandless of his interest to his wife, or of the mortgage by Nelson of his interest to the Farmers' Bank. Fred McCandless and Mrs. Hibbs in their testimony state that because of these facts the insurance company refused to pay the full amount of the insurance policy, and denied liability thereon, but that it finally agreed to pay and they agreed to accept the $16,000.00 in settlement of their claim rather than to litigate the matter. This evidence is not contradicted.

In her answer, cross-petition and counterclaim, Mrs. Hibbs alleged that this loss of $4,000.00 was due to the failure of Fred McCandless and Nelson to notify the insurance company or their partners of the changes in the ownership of the boat, and asked that this amount be charged to their interests therein. This the court did in its judgment, and of this the Farmers' Bank is complaining.

The chancellor found as a fact that this loss of $4,000.00 to the partnership on the insurance policy was the direct and proximate result of the wrongful acts of Fred McCandless and Nelson, "performed by them in the exercise of their private and individual rights, and antagonistic to the interests of said partnership, and in violation of the provision of said insurance policy." We are unable to say that this finding of fact is not warranted by the stipulations and evidence in the record, and we are therefore of the opinion that it was not error to charge this loss to the members responsible therefor, in the settlement between the partners.

The next complaint of the Farmers' Bank is that the chancellor erred in declaring the partnership dissolved by the death of L. C. Hibbs, on April 21st, 1921, and in charging debts incurred in the operation of the boat thereafter against the joint owners to the exclusion of Mrs. Hibbs, who had succeeded to her husband's interest in the boat.

It is true, of course, that the death of a partner dissolves the partnership, but it is also true that the surviving partners have the right, and it is their duty, to wind up the partnership affairs, and under the facts of this case we are of the opinion that the court erred in holding that Mrs. Hibbs was not liable for her proportionate part of the debts contracted after the death of her husband.

The boat was operated by Fred McCandless, not as a surviving partner, but as its master, and in precisely the same way after the death of Hibbs as it had been before, and Mrs. Hibbs not only made no objection thereto up until the boat burned, but thereafter, and in this action, insisted upon her right to participate in the profits she believed were being earned by such operation.

Fred McCandless, the master of the boat, had disposed of his interest therein, and while the original partnership was technically dissolved by the death of L. C. Hibbs, on April 21st, 1921, the record does not disclose that any of the surviving partners did more than acquiesce, just as did Mrs. Hibbs, in the continued operation of the boat by Fred McCandless for the benefit of the then owners.

There are numerous other complaints of the judgment by this appellant, which we do not deem it necessary to discuss, but for the reason indicated, the judgment is reversed with directions to charge Mrs. Hibbs

with one-fourth of the expenses of operating the boat from the death of her husband until the boat was burned, and to correct the judgment accordingly, which, in all other respects, is affirmed.